UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-85 |
| VERSUS | SECTION "D" |
| CHRISTOPHER LORELL ROBERTS | |

FILED:_____          _____
                                                              DEPUTY CLERK

### UNOPPOSED JOINT MOTION TO CONTINUE TRIAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, Christopher Lorell Roberts, who respectfully moves that this Court continue the trial, which is currently set for July 29, 2019, and the pretrial conference, now set for June 20, 2010, for the reasons that the Indictment was recently returned on May 9, 2019, and the parties have not yet had sufficient time to engage in discovery and pretrial motions, and will need substantial additional time to do so, in addition to prepare adequately for trial in this voluminous and complex document-intensive case.

1.

The pretrial conference, other pretrial matters, and the trial must be continued in order to allow sufficient time for all of these steps, and to review the voluminous discovery.

2.

Title 18, United States Code, § 3161(h)(7)(A) provides that any period of delay resulting from a continuance granted on the basis of the Court's finding that the ends of justice served by the granting of a continuance outweigh the best interest of the public and the defendants in a speedy trial shall be excluded in computing the time within which the trial must commence.

3.

In determining whether to grant a continuance under § 3161(h)(7)(A), the Court should consider whether the failure to grant such a continuance would result in a "miscarriage of justice" and whether it would "deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B).

4.

In view of the above considerations, granting this motion for a continuance would be in the best interest of justice and would outweigh the interests of the public and the defendants in a speedy trial, because it would allow counsel for the defendant reasonable time to review the voluminous discovery, which has not yet been exchanged.

5.

It is in the best interest of the public and the defendants for the defendants to review all pretrial discovery, and file motions and conduct investigation based thereon.  It would be a miscarriage of justice, and not in the best interest of the public, for the defendants not to be able to take these steps and properly be ready for trial.  Effective pretrial discovery, review of documents, investigation, and motion practice, to promote justice, are in the public's, as well as the defendants', best interest, and outweigh a speedy trial.

6.

Assistant United States Attorney Jordan Ginsberg stated that the government has no objection to the granting of this motion and a continuance of the trial.

**WHEREFORE**, for the above reasons, defendant, Christopher Lorell Roberts, respectfully moves that the pretrial conference and trial in this matter be continued, and that the

trial be reset.

                Respectfully submitted,

                CRULL, CASTAING & LILLY
                601 Poydras Street, Suite 2323
                New Orleans, LA 70130
                Tel.: (504) 581-7700
                Facsimile: (504) 581-5523

BY:*/s/ Edward J. Castaing, Jr.*
                EDWARD J. CASTAING, JR., No. 4022

                ***Attorney for Christopher L. Roberts***

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served upon counsel of record by filing same in this Court's CM/ECF System this 12th day of June, 2019.

                */s/ Edward J. Castaing, Jr.*