UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-085** |
| **v.** | * | **SECTION: "D"** |
| **CHRISTOPHER LORELL ROBERTS** | * | |
| | * * * | |

## SCHEDULING ORDER

Considering the foregoing Unopposed Motion to Adopt a Scheduling Order (R. Doc. 66), filed by the United States of America after consultation with defense counsel and the reasons set forth therein, the Court hereby sets the following guidelines and deadlines:[1]

## AFFIRMATIVE DEFENSES

- Affirmative defenses will be asserted in accordance with Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure. A defendant should notify the Government of any affirmative defenses, including, but not limited to, alibi, insanity, public-authority, and advice-of-counsel defenses that a defendant intends to assert no later than ninety (90) days prior to trial. Objections to any assertions of an affirmative defense shall be filed no later than seventy (70) days prior to trial.

## DISCOVERY

- Informal letter discovery/reciprocal discovery will be conducted in accordance with Rule 16 of the Federal Rules of Criminal Procedure and LCrR12. All discovery/reciprocal

---

[1] Trial in this matter is presently scheduled to begin on August 10, 2010. Should the trial date change, the dates and deadlines reflected in this Order will remain in effect.

discovery obligations should be completed no later than sixty days (60) prior to trial. In the event that either party fails to comply with their respective discovery obligations, all motions to compel a discovery or reciprocal discovery obligation must be filed no later than thirty (30) days prior to trial.

### EXPERT WITNESSES-UNITED STATES

- In accordance with the provisions of Rule 16(a)(1)(G), the United States will designate the types of experts it may call no later than ninety (90) days prior to trial. Their identities, resumes, and summaries of their expected testimony will be made available no later than ninety (90) days prior to trial, unless the expert is acquired in response to notice that the defense will utilize expert testimony at trial in which case the United States will have until thirty (30) days prior to trial to produce same.

### EXPERT WITNESS-DEFENSE

- In accordance with the provisions of Rule 16(b)(1)(C), the defense will designate the types of experts which it will call no later than sixty (60) days prior to trial. Their identities, resumes, and attendant reports and/or descriptions of the nature of their expected testimony are to be produced no later than sixty (60) days prior to trial. Should the government acquire an expert in response to the defense's notification and use of expert testimony, the defense will have ten (10) days (*i.e.*, until twenty (20) days prior to trial) to produce the responsive report, if any, of the applicable expert.

### SUBSTANTIVE MOTIONS

- All substantive motions shall be filed no later than June 10, 2020 (*i.e.*, 60 days before trial). Responses to any substantive motions shall be filed no later than July 1, 2020.

## MOTIONS IN LIMINE

- To the extent possible, motions in limine regarding the admissibility of expert testimony and other issues that are based on disclosures that have been made by this deadline shall be filed no later than thirty (30) days prior to trial. Additional motions in limine may be filed should they become necessary based on disclosures between the parties that occur within thirty (30) days of trial; however, *all* motions in limine shall be filed in time for a submission date of at least five working days prior to trial.

## NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES

- All notices required under Federal Rule of Evidence 404(b) shall be filed no later than forty-five (45) days prior to trial.

## STIPULATIONS

- To facilitate judicial economy through a speedy trial and to eliminate unnecessary and time consuming testimony, where authenticity and technical predicates are not at issue, the United States will submit a proposed stipulation relating to the authenticity of its evidence no later than fifty-five (55) days prior to trial. The stipulations will encompass the authenticity and reliability of e-mails, text messages, recordings and business/public records. The defense will review the proposed stipulations and propose any changes on or before forty (40) days prior to trial, with agreement on the final stipulations to be completed no later than twenty-five (25) days prior to trial. The United States will likewise act accordingly with any stipulations proposed by the defense.

## JURY INSTRUCTIONS

- Proposed Jury Instructions will be submitted no later than fourteen (14) days prior to trial.

## PRELIMINARY EXHIBIT LISTS

- Proposed Exhibit lists (United States and Defense) will be submitted no later than twenty-one (21) days prior to trial.

## PRELIMINARY OBJECTIONS - EXHIBITS

- Objections and motions in limine regarding proposed exhibits will be provided no later than fourteen (14) days prior to trial.[2]

## WITNESS LISTS

- Subject to further discussions with the Court concerning the manner of disclosure, proposed witness lists for witnesses who will be called in a party's case-in-chief will be submitted no later than seven (7) days prior to trial. The list will designate whether or not the witness will be providing "character or reputation" testimony.

## CHARTS AND SUMMARIES

- Charts and summaries used to aid the jury will be disclosed by the parties no later than seven (7) days before trial.

---

[2] The parties also desire to present trial exhibits without redaction. However, the parties understand and agree that no trial exhibit can be released to a non-party without satisfying the requirements of FED. R. CRIM. P. 49.1. Additionally, after reviewing the original proposed exhibit list, each party will provide a list of any supplemental exhibits to opposing party at the pretrial conference. Any further amendments to the exhibit list will be disclosed immediately.

## MODIFICATION OF DEADLINES

- The parties further envision that a deadline contained herein may be modified in the event of unanticipated occurrences upon the agreement of all parties and the Court, or by motion establishing good cause for the modification.

The Court specifically notes and rejects the notation in footnote one of the Proposed Scheduling Order whereby the parties assert "The parties envision that, should the trial date change, the dates and deadlines reflected in this order will automatically adjust to incorporate the change in trial date." Quite the contrary, the deadlines as established remain in effect for a trial date of August 10, 2020 unless otherwise modified by Order of this Court.

Further, in all matters before this Court, the Court requires counsel to submit *Joint* Jury Instructions and a *Joint* Exhibit List, with the exhibit objections noted. Further information regarding the Court's requirements for joint submissions is normally provided at the pre-trial conference, currently scheduled for July 29, 2020, at 10:00 a.m. Because the deadlines in the proposed Scheduling Order fall outside the current date for the pre-trial conference, the pre-trial conference is rescheduled to July 7, 2020, at 12:30 p.m.

**IT IS HEREBY ORDERED** that all parties adhere to the guidelines/deadlines established by this Order.

**IT IS FURTHER ORDERED** that the pre-trial conference currently scheduled for July 29, 2020 at 10:00 a.m. is hereby rescheduled to the earlier date of July 7, 2020, at 12:30 p.m. The trial date remains in place.

New Orleans, Louisiana, this 30th day of December, 2019.

_____
HONORABLE WENDY B. VITTER
UNITED STATES DISTRICT JUDGE